IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAUNDRA FOSTER, as Special Administratix of the ESTATE OF RENEE RHINE, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, LLC; ROB FRAZIER, in his official capacity; and DOES NOS. 1–10,<br><br>    Defendants. | Case No. CIV-19-00166-PRW |

## ORDER

Defendant Turn Key Health Clinics, LLC asks the Court to dismiss the claims against it because Plaintiff fails to state a claim upon which relief can be granted (Dkt. 13). For the reasons outlined below, the motion is granted.

### *Background*

Plaintiff sues Defendant Turn Key pursuant to 42 U.S.C. § 1983 under a theory of municipal liability for the alleged violations of Renee Rhine's Fourteenth Amendment rights.[1] The Complaint (Dkt. 2) alleges that Ms. Rhine was booked in the Muskogee County Jail on May 31, 2017, for disobeying an officer.[2] According to the Complaint (Dkt.

---

[1] Compl. (Dkt. 2) at 12−15. It is unclear what specific Fourteenth Amendment right(s) Plaintiff relies on.

[2] *Id*. at 3.

1

2), "it was obvious to booking staff, including . . . the Turn Key booking nurse, that Ms. Rhine was in distress, in danger of withdrawal, and in need of an immediate medical and mental health care evaluation and monitoring."[3] But "despite the obvious and known and significant risks [of] serious harm, Muskogee County Sheriff's Officer . . . and Turn Key personnel placed Ms. Rhine in general population without . . . medical or mental health care, treatment or monitoring."[4]

The next day, Ms. Rhine was allegedly beaten by an unknown jailer.[5] The Complaint (Dkt. 2) asserts that this use of force was "utterly disproportionate to any legitimate interest in managing the Jail,"[6] and that Ms. Rhine suffered serious injuries, including contusions, bruises, a ruptured spleen, and hemoperitoneum.[7] After the beating, "in deliberate indifference to Ms. Rhine's serious medical needs, she was not transported to a hospital and was not provided with any medical attention whatsoever."[8] This was so even though she complained to Turn Key staff that she "was in extreme pain, that she was bruised and that she was feeling dizzy or nauseous."[9] The Complaint (Dkt. 2) further alleges that Ms. Rhine exhibited signs of "mental confusion," could not walk or stand, and

---

[3] *Id.*

[4] *Id.* at 4.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.* at 5–6.

was in and out of consciousness.[10] Plaintiff also points to an incident where Ms. Rhine fell in front of jail employees, but they did nothing to help her.[11] In Plaintiff's view, Turn Key's failure to provide Ms. Rhine with any medical care constitutes deliberate indifference to her serious medical needs.[12]

Ms. Rhine was released from jail on June 2, 2017, and went home.[13] The next day she went to the hospital and was admitted to the intensive care unit.[14] Ms. Rhine was eventually discharged and "continued to struggle with her health until the date of her death on December 1, 2017."[15] Plaintiff asserts that "[t]he excessive use of force and deliberate indifference to Ms. Rhine's serious medical needs . . . were a proximate cause of her physical and mental pain and suffering, a worsening of her condition, and ultimately, her death."[16] Further, Plaintiff asserts that Turn Key's alleged deliberate indifference to Ms. Rhine's serious medical needs "was in furtherance of and consistent with policies, customs and/or practices which the County . . . and Turn Key promulgated, created, implemented or possessed responsibility for the continued operation of."[17] These "inadequate or non-

---

[10] *Id*. at 6.

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*. at 7.

[15] *Id*.

[16] *Id*.

[17] *Id*. at 9.

existent policies and customs," says Plaintiff, "were a moving force behind the constitutional violations and injuries [to Ms. Rhine]."[18]

## *Standard of Review*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[19] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20] The pleaded facts must establish that the claim is plausible.[21]

---

[18] *Id.*

[19] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[21] *Id.*

*Analysis*

*Municipal Liability*[22]

The Court assumes—without deciding—that Plaintiff has adequately alleged a deprivation of her constitutional rights. The Court does so because Plaintiff's cause of action against Turn Key is based on a theory of municipal liability, and resolution of the motion to dismiss turns on whether municipal liability can attach on the facts alleged.[23] For a municipality to be liable, "'a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.'"[24] A policy or custom may include:

> (1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so

---

[22] 42 U.S.C. § 1983 liability only attaches to conduct occurring "under color of state law." "Most defendants in § 1983 suits are public employees, but in certain circumstances, private persons can also act under color of state law." *See Prince v. Turn Key Health Clinics, LLC*, No. 4:18-cv-00282-CVE-JFJ, 2019 WL 238153, at *3 (N.D. Okla. Jan. 16, 2019). "[A] private party that has contracted to provide healthcare services to inmates and pretrial detainees[, like Turn Key here,] is acting under color of state law in providing those services and is, therefore, a proper defendant in a § 1983 suit." *Id*. Turn Key is not an individual, so it can only be liable under a theory of municipal liability articulated in *Monnell v. New York City Department of Social Services.*, 436 U.S. 658 (1977).

[23] Compl. (Dkt. 2) at 14–15.

[24] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

long as that failure results from deliberate indifference to the injuries that may be caused.[25]

The Complaint (Dkt. 2) asserts that "the deliberate indifference to Ms. Rhine's serious medical needs . . . was in furtherance of and consistent with policies, customs and/or practices which the County/MCSO and Turn Key promulgated, created, implemented or possessed responsibility for the continued operation of."[26] It further alleges that Turn Key utilizes "common industry cost-cutting techniques which create disincentives to send inmates to outside medical facilities," and there is a "financial cap on the amount that can be spent on outside medical care, and any amount over this cap is incurred by Turn Key."[27] The Complaint (Dkt. 2) also faults Turn Key's staffing policy, specifically that it understaffs county jails with undertrained and underqualified medical personnel who cannot properly deal with inmates with "complex and serious medical needs."[28] Finally, the Complaint (Dkt. 2) asserts that "Turn Key has no protocol or clear policy with respect to the medical monitoring and care of inmates with complex or serious medical needs, and provides no guidance to its medical staff regarding the appropriate standards of care with respect to inmates with complex or serious medical needs."[29] The Complaint (Dkt. 2) concludes that Turn Key's "inadequate or non-existent policies or customs were a moving force behind the constitutional violations and injuries alleged herein," and they "have

---

[25] *Id*. (internal quotation marks and citations omitted).

[26] Compl. (Dkt. 2) at 9.

[27] *Id*. at 9–10.

[28] *Id*. at 10.

[29] *Id*.

6

resulted in deaths or negative medical outcomes in numerous cases, in addition to Ms. Rhine's."[30]

These conclusory allegations fail to state a claim for municipal liability because the Complaint (Dkt. 2) fails to make allegations demonstrating a causal link between any of the complained of policies or customs of Turn Key and what happened to Ms. Rhine. No allegation links Turn Key's alleged for-profit techniques, understaffing, or lack of protocol or guidance as to inmates with complex medical conditions to Ms. Rhine's alleged beating and lack of medical treatment. To sufficiently allege causation for purposes of municipal liability, Plaintiff "must allege the specific treatments or care that [she] was denied as a result of the . . . practices," and then "to move beyond the realm of speculation, [P]laintiff must allege [her] basis for asserting that the denial of those treatments or care was the result of the . . . practices."[31] Instead, Plaintiff provides the Court with "labels and conclusions" as to causation, and such "a formulaic recitation of the elements of a cause of action will not do."[32]

### *Conclusion*

Plaintiff presents insufficient factual allegations to state a § 1983 claim under a theory of municipal liability against Turn Key. Thus, Defendant Turn Key Health Clinics,

---

[30] *Id*.

[31] *Prince*, 2019 WL 238153, at *5.

[32] *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

LLC's Motion to Dismiss (Dkt. 13) is **GRANTED** and the claims[33] against Turn Key are **DISMISSED** for failure to state a claim upon which relief can be granted.

    **IT IS SO ORDERED this 15th day of May, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[33] This includes the § 1983 claim as well as punitive damages.